UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| BERTHA ALICE GUSTAFSON,<br>*Plaintiff*<br><br>vs.<br><br>ANDREW M. SAUL, COMMISSIONER<br>OF THE SOCIAL SECURITY<br>ADMINISTRATION;<br>*Defendant* | Case No. SA-20-CV-00393-ESC |

## ORDER

This order concerns Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act [#18]. By her motion, Plaintiff asks the Court to award her attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(a), as the "prevailing party" in the above-styled cause of action. The EAJA provides a mandatory attorney's fee award for a prevailing party that meets certain financial eligibility requirements. *Baker v. Bowen*, 839 F.2d 1075, 1079–80 (5th Cir. 1988). Once the plaintiff establishes these facts, the government must pay attorney's fees unless it is able to prove that its position was substantially justified, or special circumstances make an award unjust. *Id.*

The record reflects that on July 26, 2021, the Court ordered that the Commissioner's decision that the Plaintiff is not disabled be vacated and remanded [#16]. That same day, the Court issued a Final Judgment vacating the Commissioner's administrative determination finding Plaintiff not disabled and remanding this case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) [#17]. The Fifth Circuit has held that a party who obtains a remand in a social security appeal pursuant to the fourth sentence of § 405(g) qualifies as a prevailing party

for purposes of fees under the EAJA. *Breaux v. U.S.D.H.H.S.*, 20 F.3d 1324, 1324 (5th Cir. 1994) (per curiam).

Plaintiff has requested fees in the amount of $6,540.00 and expenses in the amount of $400.00. In support of the instant motion, Plaintiff's counsel has submitted an itemization of the hours he spent representing Plaintiff in this case before the Court. According to Plaintiff, her attorney has spent a total of 32.7 hours on this case at a rate of $200.00 per hour. The Commissioner has filed a response to the motion [#19], which indicates she is not opposed to Plaintiff's fee request.

Having reviewed the motion and the record in this case, and in light of the lack of opposition on the part of the Commissioner, the Court finds that Plaintiff is entitled to an award of attorney's fees under the EAJA as the prevailing party in this case, and the Court will grant Plaintiff's motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act [#18] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is awarded $6,940.00 in attorney's fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), made payable to Plaintiff and mailed to Plaintiff's counsel at his address on record.

SIGNED this 4th day of November, 2021.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE