IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BERTHA ALICE GUSTAFSON, | § § § | |
| *Plaintiff,* | § § § | SA-20-CV-00393-ESC |
| vs. | § § | |
| KILOLO KIJAKAZI, COMMISSIONER OF THE SOCIAL SECURITY DEPARTMENT; | § § § § § | |
| *Defendant.* | § § | |

## ORDER

Before the court in the above-styled cause of action is Plaintiff's Counsel's Motion for Attorney Fees Pursuant to Social Security Act Section 2601(b)(1) [#22]. By his motion, Plaintiff's attorney, Karl E. Osterhout, asks the Court to award him $11,444.30 out of Plaintiff's past-due benefits award from the Social Security Administration ("SSA"). Having considered the motion and the Commissioner's response [#23], the Court will **GRANT** Plaintiff's motion.

The record reflects that on July 26, 2021, the Court vacated the Commissioner's decision finding Plaintiff not disabled and remanded this case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) [#16, #17]. On April 3, 2021, SSA issued its final determination on remand, finding Plaintiff disabled and granting her total past due benefits of $45,776.00. (Ex A. [#22-1].) On November 4, 2021, the Court awarded attorney's fees of $6,540.00 in fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 [#20]. Plaintiff's counsel now seeks payment of 25 percent of Plaintiff's total past due benefits, an award in the amount of $11,444.30.

According to Section 206(b)(1) of the Social Security Act, codified at 42 U.S.C. § 406(b),

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, **not in excess of 25 percent of the total of the past-due benefits** to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1) (emphasis added). If a plaintiff's attorney receives fees pursuant to the EAJA and § 206(b)(1) fees, then the attorney must refund the amount of the smaller fee to the plaintiff to offset the greater award. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). Here, the SSA's award on remand withheld 25 percent of the Plaintiff's total benefits award (funds in the amount of $11,444.30) for payment to Plaintiff's counsel pursuant to Section 206(b)(1). (Ex. A [#22-1].) In his motion, Plaintiff's counsel indicates he will refund the $6,540.50 EAJA fee award to Plaintiff upon receipt of the Section 206(b)(1) award.

In evaluating a motion for a Section 206(b)(1) award, the Court must decide whether the requested award is reasonable. *Gisbrecht*, 535 U.S. at 808. An award of 25 percent is considered the ceiling for fees, not an amount that is per se reasonable. *Id.* at 807. Where the plaintiff and his or her attorney have entered into a contingency fee agreement, the Court must review for reasonableness the fees yielded by that agreement and assess whether the fees would result in a windfall for the attorney. *Id.* at 808–09. The Fifth Circuit has not prescribed an exhaustive list of factors to consider in determining whether a fee award is unearned such that it may be considered a windfall. *Jeter v. Astrue*, 622 F.3d 371, 381 (5th Cir. 2010). It has noted with approval, however, several factors considered by lower courts, including "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *See id.* at 381–82. While not determinative, the existence of a contingency fee agreement indicates that the plaintiff consented to the agreed upon fee. *Id.*

The record reflects that Plaintiff and her counsel entered into a contingency fee agreement, which provides that Plaintiff will pay counsel a fee up to 25 percent of the past due benefits awarded to Plaintiff. (Ex. C [#22-3], at 2.) Time records attached to counsel's motion demonstrate that he spent 32.70 attorney hours on this case at the federal-court level and had a $400.00 filing fee expense. (Ex. B [#22-2]). Thus, the requested fee award by counsel amounts to an hourly rate of $349.97.

The Commissioner's response to the motion indicates that she takes no legal position as to the appropriateness or reasonableness of the request for fees and states that the requested fee does not appear unreasonable. For the purposes of fee determination, the Commissioner is not a true party in interest; instead, the Commissioner's role is similar to a trustee. *Jeter*, 622 F.3d at 374 n.1 (citing *Gisbrecht*, 535 U.S. at 798 n.6). However, the Court has taken the Commissioner's assessment of reasonableness into consideration in evaluating counsel's motion.

Having reviewed Plaintiff's motion, the supporting documentation provided, and the submission by the Commissioner, the Court finds the fee request reasonable. Counsel provided effective and efficient representation, obtaining a fully favorable result for Plaintiff. Counsel has been practicing Social Security law for 35 years and has represented approximately 20,000 claimants in administrative hearings. Counsel's resulting effective hourly rate of $349.97 falls well within, if not below, amounts that have been approved by courts as reasonable under similar circumstances for counsel with commensurate experience. *See, e.g.*, *Aina v. Kijakazi*, No. 5:19-CV-153, 2022 WL 2959719, at *3 (S.D. Tex. June 28, 2022), *report and recommendation adopted,* No. 5:19-CV-153, 2022 WL 2954336 (S.D. Tex. July 26, 2022) (awarding fees amounting to an hourly rate of $459.78, and finding award "well within the amount typically approved by courts in the Fifth Circuit."); *Brown v. Comm'r of Soc. Sec. Admin.*, No. 3:18-CV-

0190-BH, 2022 WL 1156019, at *3 (N.D. Tex. Apr. 19, 2022) ("Counsel's resulting hourly rate of $480.769 falls well below amounts that have been approved by courts as reasonable."). Additionally, the fee request is consistent with the terms of Plaintiff's fee agreement with counsel, which indicates Plaintiff's consent to the award.

In summary, the fee award requested by counsel is reasonable, and the Court will grant the motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Attorney's Fees Pursuant to Social Security Act § 206(b)(1) [#22] is **GRANTED**.

**IT IS FURTHER ORDERED** that Howard D. Osterhout be awarded **$11,444.30** in attorney's fees to be certified for payment out of Plaintiff's past-due benefits under 42 U.S.C. 40b(b)(1), held by the Commissioner for such purposes, made payable to Mr. Osterhout at his address on file.  Upon receipt of payment, Mr. Osterhout is directed to refund to Plaintiff the EAJA fee he previously received.

**IT IS SO ORDERED.**

SIGNED this 16th day of May, 2023.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE